**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

OPTICOOL TECHNOLOGIES, LLC,

                     Plaintiff,

         vs.

LIEBERT CORPORATION.
                     Defendant.

**COMPLAINT AND**
**JURY TRIAL DEMAND**

**Civ. No.: 13-cv-6583**

Plaintiff, OptiCool Technologies, LLC ("Plaintiff"), by and through its attorneys, Woods Oviatt Gilman LLP, for its Complaint against Defendant, Liebert Corporation ("Defendant") alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for declaratory relief concerning a certain patent under the Patent Laws (Title 35, United States Code 35 U.S.C. § 1 *et seq*), seeking a judicial declaration of non-infringement on behalf of Plaintiff with regard to that patent owned by Defendant.

## THE PARTIES

2. Plaintiff is a New York limited liability company having its principal place of business in Webster, New York.

3. Upon information and belief, Defendant is an Ohio corporation having its principal place of business in Columbus, Ohio.

4. Upon information and belief, Defendant claims that Plaintiff has infringed upon a certain patent owned by Defendant.

{1848412: }

**JURISDICTION AND VENUE**

5.      This claim for relief arises under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  This is a civil action for declaratory judgment concerning a United States Patent under the Patent Laws, 35 U.S.C. § 1 *et. seq.*  This Court has original subject matter jurisdiction over this claim pursuant to 28 U.S.C. §§ 1331 and 1338.

6.      This Court has personal jurisdiction over the Defendant.  Upon information and belief, the Defendant does business, or has done business, in the State of New York sufficient to meet the statutory and constitutional requirements for the assertion of personal jurisdiction.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) in that a substantial part of the alleged acts or omissions giving rise to the claims asserted herein occurred or had effects in this district.  In the alternative, venue is proper in that both the plaintiff and the defendant conduct business within the Western District of New York.

**RELEVANT FACTS**

8.       Plaintiff is in the business of selling data center cooling systems characterized by a low-pressure, refrigerant-based, system which is adaptable to any computing equipment rack under the registered trademark OptiCool®.

9.      Defendant claims ownership of United States Patent No. 8,261,565 entitled "Cooling System for High Density Heat Load" issued September 11, 2012 (the '565 patent).

10.    On or about February 18, 2013, Defendant's attorneys invited Plaintiff to discuss possible licensing of the '565 patent.

11.    By letter correspondence dated May 30, 2013, Plaintiff's attorneys declined Defendant's invitation to license the '565 patent.

12. Further correspondence from Defendant's attorneys dated June 26, 2013 reiterated the Defendant's offer to license.

13. Additionally, Defendant's June 26, 2013 correspondence asserted that "[w]e (Liebert) find that the OptiCool system likely falls within the scope of the claims of the above patent (the '565 patent) based on the information we have regarding the OptiCool system. We have attached claim charts of claims 3 and 4 of this patent showing how at least these claims clearly read on the OptiCool system . . . ."

14. The June 26, 2013 correspondence goes on to declare "[t]he fact that your client's OptiCool system infringes this patent is not accidental or unintentional."

15. Additionally, the June 26, 2013 correspondence states that Defendant "will not hesitate to enforce its intellectual property rights when it feels it is necessary to do so."

16. Plaintiff denies that any infringement of the Defendant's patent has occurred.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(Declaratory Relief)**

17. Plaintiff repeats and re-alleges the allegations contained in paragraphs "1" through "16" of this Complaint, as if more fully set forth herein.

18. This claim arises from an actual and justiciable controversy between Plaintiff and Defendant as to Plaintiff's alleged infringement of Defendant's patent of the '565 patent.

19. Plaintiff believes that it has not, and is not now, infringing upon Defendant's patent by means of Plaintiff's making, using, and offering for sale the OptiCool® data center cooling system.

20. Plaintiff, therefore, asks that the Court enter a judgment declaring that Plaintiff has not infringed upon Defendant's patent by means of Plaintiff's selling and/or offering for sale the OptiCool® data center cooling system.

**WHEREFORE,** Plaintiff, OptiCool Technologies, LLC, demands judgment against the Defendant, as follows:

A.      that the Court declare that Plaintiff has not infringed the '565 patent;

B.      that the Court further declare the respective rights and responsibilities of the parties;

D.      that Plaintiff recover the costs of this suit; and

E.      that Plaintiff be granted such other and further relief as the Court deems just and proper, including, but not limited to, its reasonable attorneys' fees incurred in this action as allowed by law.

## DEMAND FOR A JURY TRIAL

Pursuant to FRCP Rule 38(b), Plaintiff hereby requests trial by jury on all issues so triable.

DATED:   October 28, 2013
Rochester, New York

WOODS OVIATT GILMAN LLP

By:  /s/: Donald W. O'Brien, Jr.
       Donald W. O'Brien, Jr., Esq.
       Katherine H. McGuire, Esq.
       *Attorneys for Plaintiff*
       700 Crossroads Building
       2 State Street
       Rochester, New York 14614
       585.987.2800
       dobrien@woodsoviatt.com
       kmcguire@woodsoviatt.com

{1848412: }                                                                              4